IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

```
                                )
IN RE                           )
                                )
FAUSTA M. HODONOU and           )   CASE NO. 04-82516-G3-13
CLAUDE K. DONI,                 )
                                )
         Debtors,               )
                                )
```

MEMORANDUM OPINION

The court has considered the "Motion to Reconsider Order (Doc. #57) Denying Debtor's Motion to Modify Chapter 13 Plan and Request to Vary from Local Bankruptcy Rule of Procedure 3015(d)" (Docket No. 59).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered granting reconsideration, and granting approval of the modification.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Fausta M. Hodonou and Claude K. Doni ("Debtors") filed a voluntary joint petition under Chapter 13 of the Bankruptcy Code on December 1, 2004.

On March 17, 2005, Debtors filed their third Chapter 13 plan (Docket No. 16).  The third plan was confirmed by order

entered April 21, 2005.  (Docket No. 19).

In pertinent part, the confirmed plan provided for Debtors to pay regular monthly mortgage payments to the mortgage company during the 60 month term of the plan, and for Debtors to pay to the Chapter 13 Trustee $500 per month for the first 24 months, and $760 per month for the following 36 months, from which $12,821.00 was to be disbursed to the mortgage company by the Trustee, in months 40 through 59 of the term of the plan.

On July 17, 2006, the Chapter 13 Trustee moved to dismiss the case, asserting that Debtors had failed to pay $1,000 of the $9,000 in payments which had become due under the plan. (Docket No. 47).

On July 18, 2006, Debtors filed a motion to modify the plan.  The proposed modification called for a reduction of the payment from $500 to $200 in months 19 through 36 of the plan, reduction of the payment from $760 to $475 in months 37 through 60, and forgiveness of the unpaid amounts.  The proposed modification called for Debtor to surrender a 2004 Chevrolet Blazer in satisfaction of the secured claim of Chrysler Financial.  The proposed modification provided that Debtor would continue to pay regular monthly mortgage payments to the mortgage company during the remaining term of the plan.  (Docket No. 48) The Chapter 13 Trustee recommended approval of the modification.

2

(Docket No. 56).  No objections were filed as to either the motion to modify or the instant motion.

By order entered September 21, 2006, this court denied approval of the modification, for the reason that the proposed modified plan showed insufficient funds to pay the regular monthly mortgage payment through the Trustee (Docket No. 57).

In the instant motion, Debtors seek reconsideration and variance from the local rule requiring payments through the Trustee.  Debtors assert that damage to their vehicle in an accident, resulting in a total loss, constitutes cause for variance from the rule.

<u>Conclusions of Law</u>

Section 1329(a) of the Bankruptcy Code, as it was in effect on the petition date, provides:

> (a)  At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to–
>
> > (1)  increase or reduce the amount of payments on claims of a particular class provided for by the plan;
> >
> > (2)  extend or reduce the time for such payments;
> >
> > (3)  alter the amount of the distribution to a creditor whose claim is provided for by the plan, to the extent necessary to take account of any payment of such claim other than that under the plan.

3

11 U.S.C. § 1329(a) (1978)(amended 2005).

   The Bankruptcy Local Rules for the Southern District of Texas were amended, effective on October 17, 2005.

   As amended, Local Rule 3015(d) provides:

   (d) Plan Modifications. Debtor's motions to modify a confirmed plan must include:

      (1) A revised plan, in the form of the uniform plan.

      (2) A revised plan summary, in the form of the uniform plan summary.

      (3) A side-by-side comparison of payments under the prior plan and the proposed plan.

      (4) A description of the following:

         (A) The reason why the debtor's current plan must be modified.

         (B) If the debtor's plan must be modified because of a payment default to the trustee or to a creditor, a description of the reason why the payment default occurred.

         (C) If the reason was a temporary loss of employment, the motion must describe whether new employment was obtained.

         (D) The changes in the debtor's fixed expenses (e.g., whether an asset has been abandoned, a less expensive car has been purchased, or other events have occurred that affect the feasibility of the proposed modification).

         (E) A copy of the debtor's current Schedules I and J must be attached to the motion to modify the plan.

Local Rule 3015(d).

4

Concurrently with the amendment to the Local Rules, the court adopted the Home Mortgage Payment Procedures.  The procedures provide in pertinent part:

> The debtor's plan payments to the chapter 13 trustee shall include the amount due on the debtor's regular monthly mortgage installments for a claim secured by a security interest in real property that is the debtor's principal residence pursuant to the terms of 11 U.S.C. § 1322(b)(5) ("the ongoing mortgage") unless there is no default on the mortgage as of the petition date, the date of plan confirmation and the date of the filing of a plan modification.

Chapter 13 Trustee Procedures for Administration of Home Mortgage Payments Adopted by the Court on September 29, 2005.

In In re Phillips, Case No. 05-81458-G3-13 (Bankr. S.D. Tex., Slip Op. June 7, 2006), this court denied approval of a motion to modify in which the debtor proposed to cure a postpetition mortgage arrearage by making payments through the Trustee, while continuing to pay the regular monthly mortgage payment directly to the lienholder.  The court based its ruling on the fact that the standard form of uniform plan, which the debtor in Phillips attached to the motion to modify in that case, called for the Trustee to pay the regular monthly mortgage payment, but the debtor's payments to the Trustee were insufficient to make such payments.  That issue is not directly presented in the instant case, in that the proposed modified plan in the instant case does not provide for the Chapter 13 Trustee to disburse the regular monthly mortgage payments.  Moreover, the

5

instant case differs from <u>Phillips</u> in that the proposed modified plan in the instant case does not provide for different treatment of the prepetition mortgage than that provided in the initial plan.[1]  The court concludes that <u>Phillips</u> does not constrain this court's ability to grant the relief requested in the instant case.

As to the question of whether to permit continued direct payment of the mortgage in the instant case, the court has set forth a list of considerations in determining whether to allow a debtor to disburse mortgage payments directly.  These are:  (1) the degree of responsibility of the debtor, as evidenced by his past dealing with his creditors; (2) the reasons contributing to the debtor's need for filing a Chapter 13 petition and plan; (3) any delays that the trustee might make in remitting the monthly payment to the targeted creditor; (4) whether the proposed plan modifies the debt; (5) the sophistication of the targeted creditor; (6) the ability and incentive of the creditor to monitor payments; (7) whether the debt is a commercial or consumer debt; (8) the ability of the debtor to reorganize absent direct payments; (9) whether the

---

[1]The court notes that the question of a change in treatment between a confirmed plan and a proposed modification will be eliminated over time, as more of the cases filed in the time prior to amendment of the Local Rules to require payments through the Trustee, are closed.

payment can be delayed; (10) the number of payments proposed to pay the targeted claim; (11) whether a direct payment by the debtor under the proposed plan will impair the trustee's ability to perform his standing trustee duties; (12) unique or special circumstances of a particular case; (13) the business acumen of the debtor; (14) the debtor's post-filing compliance with statutory and court-imposed duties; (15) the good faith of the debtor; (16) the plan treatment of each creditor to which a direct payment is proposed to be made; (17) the consent, or lack thereof, by the affected creditor to the proposed plan treatment; (18) the ability of the trustee and the court to monitor future direct payments; (19) the potential burden on the trustee; (20) the possible effect upon the trustee's salary or funding the U.S. Trustee system; and (21) the potential for abuse of the bankruptcy system.  In re Perez, (Case No. 05-95103-H4-13, Bankr. S.D. Tex., Slip Op. March 23, 2006)(internal citations omitted).

In the instant case, the proposed modification simply eliminates a distribution to the holder of the claim secured by the destroyed vehicle, and does not otherwise alter the treatment of the home mortgage claim from that of the confirmed plan.  In the instant case the court concludes that, in the absence of a change in treatment of the mortgage claim, the proposed

modification should be approved.[2]

Based on the foregoing, a separate Judgment will be entered granting reconsideration, and granting approval of the modification.

Signed at Houston, Texas on March 6, 2007.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE

---

[2]The court notes that Local Rule 3015(a)(2) sets forth a procedure for seeking variance from the requirement of using the standard forms of uniform plan and plan summary from the inception of a case.  There is no similar provision in Local Rule 3015(d) regarding modifications.  However, the Chapter 13 Trustee Procedures for Administration of Home Mortgage Payments Adopted by the Court on September 29, 2005 require that any departure from those procedures be by order of the court.  The court determines that a motion for variance from the home mortgage payment procedures, as was filed in the instant case, is a proper vehicle for presentation of such a request.